IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| LARRY KIMMEL,                     )<br>                                                   )<br>             Plaintiff,               )<br>                                                   )     Case No. 06-2345-KHV-DJW<br>vs.                                            )<br>                                                   )<br>KANSAS TRANSPORTATION    )<br>SERVICES, INC.; TROY S. LOWRANCE; )<br>AND KTS LEASING, L.L.C.,        )<br>                                                   )<br>             Defendants.           ) | |

### AGREED PROTECTIVE ORDER

On this 4th day of May 2007, the above-captioned matter comes for consideration by the Court. The parties have requested a Protective Order because the Plaintiff seeks to discover personnel files and other information regarding Kansas Transportation Services employees that constitutes confidential information and because the Defendants seek to discover Larry Kimmel's personal financial information including tax returns as well as Larry Kimmel's personal medical records. In addition, the parties will seek deposition testimony on these topics and the parties will request that the same be designated as confidential.

Due to the nature of certain of the allegations contained in the Plaintiff's Complaint, the Court finds that it may be necessary for the parties to produce relevant information, documents, and things regarding financial information. The Court also finds that due to the nature of certain of the allegations contained in Plaintiff's Petition that it may be necessary for Larry Kimmel to produce relevant medical records. However, the Court also finds that this information is private and confidential and that the release of this information through the ordinary discovery process could compromise the confidentiality of these documents. In addition, the parties will seek deposition testimony on these topics and the parties will request that the same be designated as confidential.

**IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED:**

1. All personnel files, medical records and tax records produced by the parties in this action are considered to be confidential and shall, prior to their production, be designated and stamped "Confidential - Produced Subject to Protective Order"and will be considered subject to this Protective Order.

2. Only "Authorized Personnel" shall view the documents. For purposes of this Protective Order, the term "Authorized Personnel" shall mean:

   a. Counsel for the Plaintiffs;

   b. Counsel for Defendants;

   c. Secretarial and other personnel at the office of counsel of the parties who have the need to work with the documents for purposes related to the prosecution of this lawsuit; and

   d. Expert witnesses of the parties to this action.

3. Each of the Authorized Personnel shall review this Protective Order and execute an Acknowledgment in the form annexed hereto as Exhibit A. Signed forms shall be maintained by counsel for each party and at the conclusion of this litigation, including any appeals, shall be provided to counsel for Plaintiff and Defendant. Parties to this action are also required to execute an Acknowledgment. Attorneys are not required to execute an Acknowledgment, but shall be bound by this Order in any event.

4. Counsel to whom Confidential Documents are produced shall maintain said documents in a safe manner, and safeguard the confidential documents and not permit them to be inspected by anyone other than Authorized Personnel.

5. Authorized Personnel shall not reveal the contents of the Confidential Documents to any person or otherwise utilize the Confidential Documents in anyway that would publish the information contained therein, other than is necessary to prosecute this action.

6. The Authorized Personnel to whom the Confidential Documents are produced shall not make any additional copies except as may be necessary for the trial of this action.

7. The party seeking to file confidential information must first file a motion for leave to file the particular document or information under seal and the motion must be granted before a party will be permitted to file the particular document under seal.

8. All deposition testimony regarding documents and topics that are deemed confidential and shall be under seal unless this Court orders otherwise.

9. Authorized Personnel who receive Confidential Documents from either party are ordered to return them, including all copies, to the parties' counsel within 90 days after the termination of this litigation, including any appeals.

10. This Protective Order does not constitute a ruling on the question of whether any particular document is properly discoverable and does not constitute any ruling on any potential objection to the discoverability of any document.

**IT IS SO ORDERED**.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

| | |
|---|---|
| /s/ James R. Shetlar | /s/ Mark R. Bahn |
| James R. Shetlar, #8322 | Mark R. Bahn, #9795 |
| JAMES R. SHETLAR LAW OFFICES, P.A. | MCAVOY & BAHN, L.C. |
| 8000 Foster | 330 Water Street |
| Overland Park, Kansas 66204-3613 | Fenton, Missouri 63026-4116 |
| 913-648-3220 / FAX: 913-648-3357 | 636-343-9753 / FAX: 636-343-8669 |
| E-Mail: jshetlar@kc.rr.com | E-Mail markrbahn@aol.com |
| **ATTORNEY FOR PLAINTIFF** | **ATTORNEY FOR PLAINTIFF** |

/s/ Daniel C. Estes
Daniel C. Estes, destes@fisherpatterson.com KS #19491
FISHER, PATTERSON, SAYLER & SMITH, L.L.P.
51 Corporate Woods, Suite 300
9393 West 110th Street
Overland Park, Kansas 66210
(913) 339-6757 / (913) 339-6187 (FAX)
**ATTORNEY FOR DEFENDANTS**

**EXHIBIT A**

**ACKNOWLEDGMENT OF TERMS OF PROTECTIVE ORDER**

The undersigned hereby acknowledges that he/she has read and agrees to be bound by the terms of the Protective Order entered in this matter on ____ day of _____, 2007, in Case № Case No. 06-2345-DJW in the United States District Court for the District of Kansas, entitled, *Larry Kimmel v. Kansas Transportation Services Inc., Troy S. Lowrance and KTS Leasing, LLC*, and the undersigned agrees that he/she will not reveal any information designated as Confidential and will not use any confidential information for any purpose other than for the prosecution of the lawsuit described herein.

DATE:_____

_____
(Name)

_____
(Address)

_____
(City, State, Zip)

_____
(Telephone Number)

_____
(Title)